**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| STAR TEAMS, INC., | Civil Action No. |
| Plaintiff, | |
| v. | Electronically Filed |
| TRANSPLANT ADVOCATES, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## VERIFIED COMPLAINT

Plaintiff STAR Teams, Inc. ("Plaintiff" or "STAR") by and through its attorney Blank Rome, LLP, hereby files this Complaint against Defendant Transplant Advocates, LLC ("Defendant" or "Transplant Advocates") and in support thereof, provides as follows:

## INTRODUCTION

1. Plaintiff STAR is a leader in the niche industry of organ recovery.

2. Defendant Transplant Advocates, a competitor of STAR, is intentionally displaying images of STAR's surgeons, administrative staff, and affiliates, on its own website (https://www.transplantadvocates.com/about-us) knowing that the individuals being displayed are NOT affiliated with or working for Transplant Advocates.

3. These images are being used without the permission of STAR or its employees and affiliates and are clearly being utilized to misrepresent to the public that STAR's team is working for or with Transplant Advocates.

4. This misrepresentation is not only causing potential confusion among STAR's current clients and business prospects, but Transplant Advocate's misrepresentation is also creating actual confusion as STAR has been questioned by several of its clients as to whether Transplant Advocates now employs STAR's surgical team and administrative staff.

5. Despite being issued a cease-and-desist letter by STAR, Transplant Advocates refuses to take down the images on its website, despite knowing that it is causing confusion and irreparable harm to STAR. *See* correspondence dated May 13, 2022, and May 19, 2022, attached hereto as **Exhibit A**.

## PARTIES

6. Plaintiff STAR Teams, Inc.'s primary state of registration is Delaware, with Foreign Entity state registrations in both Maryland and Virginia, with its principal place of business at 10319 Westlake Dr. Ste. 206, Bethesda, Maryland 20817-6403.

7. Upon information and belief, Defendant Transplant Advocates, LLC is a Tennessee corporation with its principal place of business at 164 Lynhurst Dr., Crossville, Tennessee 38558.

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that STAR and Transplant Advocates are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims asserted occurred in this district, Transplant Advocates resides in this district, Transplant Advocates conducts business in this district, and is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### A. STAR and its Team.

10. STAR, an acronym for Specialized Transplant AI-adapted Recovery, provides services for organ recovery.

11. For over a decade, STAR has pioneered an approach to organ recovery based on a military-style Special Ops team known as STAR.

12. STAR's approach builds recovery teams that operate regionally and independently of any single institution.

13. STAR's team consists of board-certified transplant surgeons and transplant professionals exclusively dedicated to organ recovery.

14. STAR's team builds upon the collective intelligence of its talented team members.

15. To engender a specialization of practice, STAR leverages technological innovation, data analysis, and professionalism to provide unparalleled expertise and experience.

16. STAR's teams integrated practice is among the largest transplant organ recovery-specialty medical groups in the world.

17. Because of STAR's renowned surgeons, administrative staff, and overall approach to organ recovery, STAR has emerged as a leader in this niche industry, which lends itself as a highly competitive field that is relationship driven.

18. STAR's surgeons, administrative staff, and affiliates are well known in the industry.

19. STAR's surgeons, administrative staff, and affiliates are also well known and recognized as being members and employees of STAR.

20. Given the confidential information shared with those who work with STAR, STAR's employees and affiliates execute non-disclosure and restrictive covenants when commencing affiliation with STAR ("NDA"). A true and correct copy of the NDA is attached hereto as **Exhibit B**.

21. Pursuant to the NDA, those affiliated with STAR have an obligation not to work with or be affiliated with any competitor of STAR while working with STAR and for a period of one year after termination of that relationship. Exhibit B; *see also* Declarations of Ms. Matsuyama and Dr. Hormuth, which are being filed simultaneously herewith (collectively the "Declarations").

22. Also, pursuant to the NDA, STAR employees and affiliates have an obligation not to allow their name or likeness to be used in any way to promote any competitive business while working with STAR. *Id*.

**B. Transplant Advocates and its Misrepresentation of its Team.**

23. Like STAR, Transplant Advocates is also in the business of organ transplant services.

24. Transplant Advocates is a direct competitor of STAR.

25. Transplant Advocate's Chief Executive Officer is Candy St. Marie ("Ms. St. Marie").

26. Ms. St. Marie was previously employed by STAR.

27. Ms. St. Marie was STAR's Executive Vice President for over two years.

28. As a former affiliate of STAR, Ms. St. Marie is fully aware of the terms and conditions set forth in STAR's NDA with its current employees and affiliates.

29. Ms. St. Marie formed Transplant Advocates and employs a team of surgeons, surgical assistants, organ preservations, coordinators, flight crews, ground transplant, and couriers.

30. Transplant Advocates has and promotes its own website, which further details its mission and sets forth the members of its team.

31. More specifically, Transplant Advocates' website includes, *inter alia*, a home page, an "About Us" page, and a "Services" page.

4

32. The "About Us" page serves to illustrate members of Transplant Advocates' team, and further details what Transplant Advocates team strives to provide.

33. In an attempt to mislead the public and confuse STAR's current and prospective clients, Transplant Advocates' website includes various images of STAR's surgeons, administrative staff and affiliates.

34. For instance, on Transplant Advocates' "About Us" page, the below picture is featured. This photo was taken on June 13, 2021, in front of STAR's Virginia office, and features STAR's Surgeon, James Gramm ("Dr. Gramm") (pictured left).



35. On Transplant Advocates' "About Us" page, the below picture is featured. This photo was taken on May 28, 2021, and features STAR's Surgical Assistant, Karen Kuklinski ("Ms. Kuklinski") and STAR's surgeon, David Hormuth ("Dr. Hormuth") (pictured from left to right, respectively).



36. On Transplant Advocates' "About Us" page, the below picture is featured. This photo was taken on February 16, 2022, and features STAR's Surgeon Dr. Gramm and STAR's Surgical Assistant, Davian Fletcher ("Mr. Fletcher") (pictured from left to right).



6

37. On Transplant Advocates' "About Us" page, the below picture is featured. This photo features STAR's Surgical Assistant, Ms. Kuklinski, STAR's Surgeon, Dr. Hormuth, and STAR's Surgical Assistant, Ms. Matsuyama (pictured from left to right, respectively).



38. These images are easily recognizable as STAR's employees, and affiliates. *See* Declaration of Dr. Brandenhoff, which is being filed simultaneously herewith ("Declaration").

39. Transplant Advocates did not have permission or authorization to use STAR's employees' and affiliates' likeness on its website. *See* the Declarations.

40. Despite not having permission, Transplant Advocates utilized STAR's employees' and affiliates' images and likeness without their knowledge. *See* the Declarations.

41. Although STAR's employees and affiliates are pictured on multiple occasions on Transplant Advocates' website, they do not work for or have a formal affiliation with Transplant Advocates. *See* the Declarations.

42. Transplant Advocate's utilization of STAR's employees' and affiliates' images and likeness is a misrepresentation to the public that it employs or otherwise has access to STAR's employees' and affiliates' services, which it does not. *See* the Declarations.

43. Indeed, STAR's employees and affiliates being pictured on Transplant Advocates' website is causing actual confusion among STAR's customers such that STAR's customers including: Inova Fairfax Hospital, Northwell Health, MedStar Health, The Ohio State University, University of Pittsburgh Medical Center, Johns Hopkins University, St. Vincent's Hospital (Indiana), University of Maryland, Hershey Medical Center (Penn State) have questioned if its employees are now affiliated with its competitor.

44. Further, STAR's employees and affiliates being pictured on Transplant Advocates website is creating the impression in the transplant industry that STAR's employees and affiliates are working with or is somehow affiliated with Transplant Advocates, which is false. *See* the Declarations.

45. By featuring STAR's employees and affiliates on its website, it could harm STAR's business relationships, obligations owed to STAR, and STAR's professional brand. *See* the Declarations.

## COUNT ONE

### Tortious Interference with Existing Business Relations

46. Plaintiff STAR repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

47. For over a decade, STAR has fostered countless business relationships with its customers. *See* the Declarations.

48. Transplant Advocates is aware of STAR's business relations, as its CEO was a former affiliate of STAR.

49. Additionally, as STAR's competitor, Transplant Advocates is aware of the business relations that are affiliated with STAR.

50. Transplant Advocates intended to cause the termination of STAR's business relations by intentionally publishing images on its website that it knows identifies STAR's employees and affiliates.

51. It is improper for Transplant Advocates to misrepresent to STAR's current business relations that it employs or is otherwise associated with STAR's employees and affiliates.

52. This misrepresentation is interfering with STAR's current business relationships, as STAR has been questioned by several of its clients as to whether Transplant Advocates now employs STAR's surgical team, affiliates, and administrative staff.

53. As a direct and proximate result of Transplant Advocates' interference, STAR will continue to suffer immediate, substantial, and irreparable injuries, damages, and losses to its current business relations. *See* the Declarations.

WHEREFORE, STAR respectfully requests that this Honorable Court:

    a.) Issue a temporary restraining order, followed by a preliminary injunction and a final injunction, enjoining Defendant Transplant Advocates from publishing images of STAR's employees and affiliates on its website and from further interfering with STAR's current business relations;

    b.) Enter a judgment in favor of STAR in an amount to be proven at trial; and

    c.) Grant such other and further relief as justice requires.

9

Case 2:22-cv-00022   Document 1   Filed 06/03/22   Page 9 of 17 PageID #: 9

## COUNT TWO

### Tortious Interference with Prospective Business Relations

54. Plaintiff STAR repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

55. STAR's teams' integrated practice is among the largest transplant organ recovery-specialty medical groups in the world, which enables STAR to continue to be a leader in its industry, generating new business and business relationships on a continuous basis.

56. As STAR's competitor, Transplant Advocates is aware of the potential business relations that are affiliated with STAR.

57. Transplant Advocates intended to cause the termination of STAR's prospective business relations by intentionally publishing images on its website that it knows identifies STAR's employees and affiliates.

58. It is improper for Transplant Advocates to misrepresent to STAR's potential business prospects that it employs or is otherwise associated with STAR's surgical team, administrative staff and affiliates.

59. This misrepresentation is causing potential confusion among STAR's business prospects as to whether Transplant Advocates now employs STAR's surgical team and affiliates.

60. This misrepresentation is also causing potential business prospects to utilize Transplant Advocates' services, under the impression that STAR's surgical team, administrative staff, and affiliates are now employed by Transplant Advocates.

61. As a direct and proximate result of Transplant Advocates' interference, STAR will continue to suffer immediate, substantial, and irreparable injuries, damages, and losses to its potential business relations. *See* Exhibit B.

WHEREFORE, STAR respectfully requests that this Honorable Court:

a.) Issue a temporary restraining order, followed by a preliminary injunction and a final injunction, enjoining Defendant Transplant Advocates from publishing images of STAR's employees and affiliates on its website and from further interfering with STAR's prospective business relations;

b.) Enter a judgment in favor of STAR in an amount to be proven at trial; and

c.) Grant such other and further relief as justice requires.

## COUNT THREE

### Invasion to the Right of Privacy: Appropriation of Name or Likeness

62. Plaintiff STAR repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

63. Transplant Advocates used STAR's employees' and affiliates' images, likeness, and identities on its website without their knowledge, permission, or consent. *See* the Declarations.

64. By Transplant Advocates utilizing STAR's employees' and affiliates' images, likeness, and identities on its website, it is creating the impression that STAR's team is working with, or is somehow affiliated with Transplant Advocates, which is false.

65. Transplant Advocates identified its competitor's employees and affiliates on its website for its own corporate advantage, by, *inter alia*, attempting to garner its competitor's business.

66. Through Transplant Advocates misrepresentations that it employs or otherwise has access to its top competitor's world-renowned surgical team and affiliates on its website, it is adding luster to its own corporation.

67. As a direct and proximate result of Transplant Advocate's actions, STAR will continue to suffer immediate, substantial, and irreparable injuries, damages, and losses. *See* Exhibit B.

WHEREFORE, STAR respectfully requests that this Honorable Court:

a.) Issue a temporary restraining order, followed by a preliminary injunction and a final injunction, enjoining Defendant Transplant Advocates from impermissibly appropriating STAR's employees' and affiliates' names or likeness on its website;

b.) Enter a judgment in favor of STAR in an amount to be proven at trial; and

c.) Grant such other and further relief as justice requires.

## COUNT FOUR

### Unjust Enrichment

68. Plaintiff STAR repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

69. No contract exists between STAR and Transplant Advocates; indeed, they are a competitor within the field of organ transplant.

70. By utilizing STAR's employees' and affiliates' images and likeness on its website, Transplant Advocates are unjustly enriched at the expense and detriment of STAR.

71. Benefits conferred on Transplant Advocates by STAR include, *inter alia*, STAR's world-renowned employees' and affiliates' likeness to generate business, or take business from STAR, without proper compensation.

72. This enrichment of Transplant Advocates was and continues to violate principles of justice, equity, and good conscience.

WHEREFORE, STAR respectfully requests that this Honorable Court:

a.) Issue a temporary restraining order, followed by a preliminary injunction and a final injunction, enjoining Defendant Transplant Advocates from utilizing STAR's employees' and affiliates' images or likeness on its website;

b.) Enter a judgment in favor of STAR in an amount to be proven at trial; and

c.) Grant such other and further relief as justice requires.

## COUNT FIVE

### Tortious Interference with Contractual Relations

73. Plaintiff STAR repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

74. STAR and its employees and affiliates have NDAs. *See* Exhibit B and the Declarations.

75. Pursuant to those NDAs, STAR's employees and affiliates have an obligation not to work with or be affiliated with any competitor of STAR while working with STAR, and for a period of one year after termination of that relationship. *See* Exhibit B and the Declarations.

76. Also, pursuant to the NDA, STAR employees and affiliates have an obligation not to allow their name or likeness to be used in any way to promote any competitive business while working with STAR. *See* Exhibit B and the Declarations.

77. Transport Advocates' CEO was a former affiliate of STAR and has intimate knowledge of the NDA that STAR maintains for all employees and affiliates.

78. Accordingly, Transport Advocates is fully aware of the agreements and obligations that STAR's employees and affiliates must maintain while working with STAR and for a period of one year after the termination of that relationship.

79. Despite its knowledge of the NDAs, Transplant Advocates intentionally, knowingly, and improperly, and without STAR's employees' and affiliates' permission, authorization, or knowledge, proceeded to include images of STAR's employees and affiliates on its website.

80. By intentionally publishing STAR's employees' and affiliates' names, likeness, and images on its website, Transplant Advocates tortiously interfered with the obligations owed to STAR pursuant to the NDAs.

81. As a direct and proximate result of Transplant Advocate's interference, STAR has suffered and continues to suffer immediate, substantial, and irreparable injuries, damages, and losses. *See* the Declarations.

WHEREFORE, STAR respectfully requests that this Honorable Court:

a.) Issue a temporary restraining order, followed by a preliminary injunction and a final injunction, enjoining Defendant Transplant Advocates from publishing images of STAR's employees and affiliates on its website and from further interfering with STAR's contractual relationship pursuant to its NDAs;

b.) Enter a judgment in favor of STAR in an amount to be proven at trial;

c.) Punitive damages; and

d.) Grant such other and further relief as justice requires.

## COUNT SIX

**Inducement of Breach of Contract pursuant to Tennessee Code Annotated § 47–50–109**

82. Plaintiff STAR repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

83. STAR and its employees and affiliates have NDAs. *See* Exhibit B.

14

84. Pursuant to those NDAs, STAR's employees and affiliates have an obligation not to work with or be affiliated with any competitor of STAR while working with STAR, and for a period of one year after termination of that relationship. *See* Exhibit B and the Declarations.

85. Also, pursuant to the NDA, STAR employees and affiliates have an obligation not to allow their name or likeness to be used in any way to promote any competitive business while working with STAR. *See* Exhibit B and the Declarations.

86. Transport Advocates' CEO was a former affiliate of STAR and has intimate knowledge of the NDA that STAR maintains for all employees and affiliates.

87. By intentionally publishing STAR's employees' and affiliates' images and likeness on its website, Transplant Advocates has procured the breach of STAR's employees' and affiliates' obligations as set forth by their NDAs.

88. As a direct and proximate result of Transplant Advocate's actions, STAR has suffered and continues to suffer immediate, substantial, and irreparable injuries, damages, and losses. *See* Exhibit B.

WHEREFORE, STAR respectfully requests that this Honorable Court:

    a.) Issue a temporary restraining order, followed by a preliminary injunction and a final injunction, enjoining Defendant Transplant Advocates from publishing images of STAR's employees and affiliates on its website and from further interfering with STAR's contractual relationship with its employees;

    b.) Enter a judgment in favor of STAR in an amount to be proven at trial;

    c.) Treble damages for each instance of breach; and

    d.) Grant such other and further relief as justice requires.

# DEMAND FOR JURY TRIAL

STAR demands trial by jury in this action for all issues triable.

DATE: June 3, 2022

Respectfully Submitted,

*/s/ Andrew S. Naylor*
Andrew S. Naylor (BPR #017128)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: andy.naylor@wallerlaw.com

Jayme L. Butcher,
(*Pro hac vice* to be filed)
BLANK ROME LLP
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Telephone: (412) 932.2800
Email: jayme.butcher@blankrome.com

*Counsel for Plaintiff*
*STAR Teams, Inc.*

